IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMIGOS BRAVOS, COMMON GROUND
UNITED, NATURAL RESOURCES DEFENSE
COUNCIL, OIL AND GAS ACCOUNTABILITY
PROJECT, a project of Earthworks, SAN JUAN
CITIZENS ALLIANCE, and SOUTHWEST
ENVIRONMENTAL CENTER,

      Plaintiffs,

  vs.                                    No. CIV 09-37 RB/LFG

UNITED STATES BUREAU OF LAND
MANAGEMENT, LINDA S.C. RUNDELL,
in her official capacity as State Director of the
Bureau of Land Management, and KEN
SALAZAR, in his official capacity as Secretary
of the United States Department of the Interior,

      Defendants,

INDEPENDENT PETROLEUM
ASSOCIATION OF NEW MEXICO,

      Intervenor/Defendant.

---

WILDEARTH GUARDIANS, DINÉ CARE,
and CARSON FOREST WATCH,

      Plaintiffs,

  vs.                                    No. CIV 09-414 WJ/LAM

UNITED STATES BUREAU OF LAND
MANAGEMENT and UNITED STATES
FOREST SERVICE,

      Defendants.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION TO CONSOLIDATE CASES**[1]

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

THIS MATTER is before the Court on an Order of Reference [Doc. 48][2] pursuant to 28 U.S.C. § 636(b)(1)(B), directing the undersigned Magistrate Judge to submit an analysis and recommended disposition on Defendants' Motion to Consolidate Related Cases [Doc. 30].

The Court considered the Motion, the Responses of both sets of Plaintiffs [Doc. 9 in Civ. 09-414 WJ/LAM; and Doc. 34], and Defendants' Reply [Doc. 38]. Oral argument is not necessary. For the reasons given below, the Court recommends that the Motion to Consolidate be granted.

## Factual and Procedural Background

Plaintiffs in Cause No. Civ. 09-37 RB/LFG (hereinafter, the "Amigos Bravos" case) are six citizen groups challenging the actions of the U.S. Bureau of Land Management ("BLM") in connection with two oil and gas lease sales in April and July 2008 for federal mineral resources in New Mexico.[3]

The Amigos Bravos Plaintiffs sue under the Administrative Procedure Act ("APA") for declaratory and injunctive relief, asserting that the BLM failed to take into proper account the effects of global warming due to greenhouse gas ("GHG") emissions arising from oil and gas production on the lease parcels, in violation of the National Environmental Protection Act ("NEPA"), the Federal Land Policy and Management Act ("FLPMA"), and the Mineral Leasing Act ("MLA") and implementing regulations, as well as the Department of the Interior's Secretarial Order 3226.

Plaintiffs in Cause No. Civ. 09-414 WJ/LAM (hereinafter, the "WildEarth" case) are three citizen groups, different from the Plaintiffs in the Amigos Bravos case, challenging the actions of the BLM and the United States Forest Service ("Forest Service") in connection with the same two lease sales identified in the Amigos Bravos suit, as well as a third lease sale in October 2008.

---

[2]All document references are to the case of Amigos Bravos, et al., v. United States Bureau of Land Management, et al., No. Civ. 09-37 RB/LFG, unless otherwise noted.

[3]The Amigos Bravos Plaintiffs also name as Defendants Linda S.C. Rundell, State Director of the Bureau of Land Management in New Mexico, and Ken Salazar, Secretary of the U.S. Department of the Interior, in their official capacities.

The WildEarth Plaintiffs also sue for declaratory and injunctive relief citing the APA as a jurisdictional ground and asserting that the BLM failed to take into proper account the effects of air pollution due to ozone arising from oil and gas production on the leases. In particular, these Plaintiffs contend that in its analysis of the environmental effects of the leases, the BLM failed to consider a revised, and more restrictive National Ambient Air Quality Standard ("NAAQS") for ozone published in 2008 by the U.S. Environmental Protection Agency ("EPA"). These actions were taken, WildEarth Plaintiffs assert, in violation of NEPA and FLPMA. They further contend that the Forest Service, in issuing a Record of Decision ("ROD") opening 5,000 previously unleased acres within the Jicarilla Ranger District for oil and gas development, violated NEPA and the National Forest Management Act ("NFMA").

BLM and the other federal Defendants in Amigos Bravos[4] ask the Court to consolidate these two cases on grounds of judicial economy and efficiency. They argue that the cases involve common issues of law and fact in that Plaintiffs in both cases seek judicial review of the same agency actions based on the same administrative record, and ask for the same relief. Defendants note that judicial resources are better utilized when one judge, rather than two, reviews the law and the administrative record and assert that consolidation would eliminate the risk of inconsistent rulings.

All Plaintiffs resist consolidation, arguing that their respective cases raise distinct issues of law and fact and require consideration of different portions of the administrative record, and that consolidation would result in delay, confusion and prejudice.

## Discussion

FED. R. CIV. P. 42(a) provides that when separate actions involve "a common question of law or fact," the Court may consolidate the actions in the interest of "avoid[ing] unnecessary cost

---

[4]The only non-federal Defendant in either case is the Independent Petroleum Association of New Mexico ("IPANM"), whose motion to intervene was granted in the Amigos Bravos case [*see* Doc. 47]. IPANM also has pending a motion to intervene in the WildEarth case, as do Conocophillips Company, Williams Production Company LLC, and Energen Resources Corporation.

or delay."

A request to consolidate is directed to the Court's sound discretion. Skirvin v. Mesta, 141 F.2d 668, 672-73 (10th Cir. 1944); Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978). In addition to the Court's authority to consolidate under Rule 42, it is clear that the Court also has discretionary authority when it comes to controlling its own docket. "It is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 985 (10th Cir. 2002) (internal punctuation omitted).

> The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion. In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice – consolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice. [Internal citations and punctuation omitted].

Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999).

The party moving under Rule 42 bears the burden of demonstrating that consolidation is desirable. Servants of the Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp. 1560, 1572 (D.N.M. 1994). Once the Court determines there is a common question of law or fact, Rule 42's predicate requirement, the Court weighs the interest of judicial convenience and economy against any potential for delay, confusion or unfair prejudice that might arise from consolidation. Id..

The Court finds that these two cases present common questions of law and fact. Both cases involve challenges to the BLM's actions in permitting oil and gas lease sales in April and July 2008. [Amigos Bravos Amended Complaint, Doc. 21, at ¶¶ 83-114; WildEarth Complaint, Doc. 1 in Civ. 09-414, at ¶¶ 41-56].

Both groups of Plaintiffs challenge BLM's actions on grounds, *inter alia*, that the agency failed to involve the public in the NEPA process as required by the Act. [Amigos Bravos Amended

4

Complaint, Doc. 21, at ¶¶ 115-123; WildEarth Complaint, Doc. 1 in Civ. 09-414, at ¶¶ 105-110].

If the cases are not consolidated, each of two separate judges would be reviewing the same administrative record for the same two lease sales, studying the same NEPA provisions and regulations thereunder, then reaching a separate conclusion on the exact same issue confronting the other judge: whether the BLM followed statutory and regulatory guidelines which require public involvement in the NEPA process.

It is true that the WildEarth Plaintiffs include an additional lease sale not challenged in the Amigos Bravos Complaint, one occurring in October 2008, and that they name a second federal agency, the Forest Service, as a Defendant.  In addition, the Amigos Bravos Complaint challenges lease sales for parcels located in the BLM's Carlsbad, Socorro and Roswell Field Offices, while the WildEarth Plaintiffs restrict their challenge to lease sales occurring in the San Juan Basin, conducted out of the BLM Farmington Field Office.  Also, the two cases base their challenges on different allegations of deficiency in the BLM's process: one contends that the agency failed to take into account GHG emissions which increase global warming effects, while the other asserts the BLM failed to take into account air pollution caused by ozone.

The Court does not find these differences decisive.  The WildEarth Plaintiffs argue that "the individual questions of fact and law in the two respective cases predominate over common questions of fact and law." [Doc. 9 in Civ. 09-414], at 2.  That is not the test.  Under Rule 42(a), the Court need only find "a common question of law or fact" in order to trigger the balancing portion of the analysis, which addresses whether the interests of justice and fairness outweigh judicial efficiency.  Such common questions exist in these two cases.

The Court finds further that Defendants have met their burden of demonstrating that, in these cases, the interest of judicial economy outweighs the potential for delay, confusion or unfair prejudice.

The WildEarth Plaintiffs point out that their challenge to the BLM's actions is narrowly focused on specific parcels under the jurisdiction of the Farmington Field Office, while the Amigos

Bravos case involves parcels in a wider area, under the jurisdiction of four BLM Field Offices state-wide (including the Farmington office). They claim that the Amigos Bravos case "raises substantially different – and far broader – questions of law and fact." [Doc. 9 in Civ. 09-414, at 3-5]. The WildEarth Plaintiffs argue that each case involves different portions of the administrative record, and they assert that including the Amigos Bravos allegations along with their more limited claims would prejudice them and cause delay.

If the cases are not consolidated, the judge in Amigos Bravos would be obligated to review the administrative record relevant to the Farmington Field Office parcels, and the judge in the WildEarth case would also be reviewing the same portion of the record. These separate reviews sap precious judicial resources, compelling two judges to do the same work.

While the WildEarth Plaintiffs argue that their case could be more quickly resolved, that is not apparent from the record as it now stands. The WildEarth Complaint goes beyond the challenge to BLM actions and includes allegations that the Forest Service violated NEPA, as well as NFMA, in permitting development of new oil and gas leases in the Jicarilla Ranger District. Its lawsuit could therefore be considered more "expansive" than the Amigos Bravos suit.

In any event, the Court is capable of examining, in one action, all of the claims made by both sets of Plaintiffs. While the bases for the respective challenges are not identical – GHG emissions vs. ozone impacts – they are similar and involve consideration of many overlapping parts of the record. Indeed, many appeals involve more than one issue. The fact that separate questions arise out of one record does not prohibit a reviewing court from conducting an appropriate and comprehensive review of all issues.

The WildEarth Plaintiffs also contend that consolidation could delay resolution of their case, because the Federal Defendants recently filed a motion to dismiss in the Amigos Bravos case. While these Plaintiffs state that the motion to dismiss is based on legal grounds having no application to them, Defendants asserted in their briefing that they would be filing a motion to dismiss the WildEarth Plaintiffs' claims against the April and July 2008 lease sales as well, and that

the WildEarth motion would be based on the same legal arguments as that in the Amigos Bravos case. [Doc. 38, at 8-9]. Indeed, such a motion was filed in the WildEarth case [Doc. 26 in Civ. 09-414] shortly after briefing was complete on this Motion to Consolidate. Upon consolidation, both motions will be considered by the same judge.

As Defendants point out, both of these cases are at approximately the same stage, and consolidation will not substantially delay either of them, nor will it cause undue prejudice to either set of Plaintiffs. The Court also rejects the assertion that consolidation will cause "confusion." This is not a jury case; it is an appeal of an agency ruling under the Administrative Procedures Act and will be decided by a judge. The Amigos Bravos Plaintiffs point out that a briefing schedule is currently in place for their case and that, if the cases are consolidated, the order will need to be "reworked to incorporate the WildEarth Guardians case." The Court does not find entry of a new scheduling order for the consolidated cases to be overly burdensome or complicated.

The Amigos Bravos Plaintiffs also argue that, because their challenge is based on BLM's failure to consider global warming before selling and offering the oil and gas leases, whereas the WildEarth Plaintiff's challenge is based on BLM's failure to consider ozone pollution, the two cases implicate different factual issues. In addition, they assert, the two cases raise different legal issues because the respective challenges address different shortcomings on the part of BLM. Even within the same claimed shortcoming – for example, BLM's failure to consider alternatives – these Plaintiffs argue, there are differences:

> The Amigos Bravos case alleges that BLM failed to consider alternatives "to address GHG pollution, the inefficient production and waste of oil and gas resources, and global warming's impact to our environment." . . . The WildEarth Guardians' case, on the other hand, alleges that BLM failed to consider alternatives that would "prevent or minimize further degradation to San Juan air quality."

[Doc. 34, at 5].

The Court does not find these two claims to be so diverse as to compel the conclusion that they ought to be heard in two different lawsuits, by two different judges. The Court is capable of considering a variety of challenges to the same agency action.

Finally, consolidation of these separate lawsuits provides for a much more efficient and expeditious resolution of both actions. Having one judge assigned[5] also reduces the potential for inconsistencies and ensures that both matters are resolved at the same time. This also ensures that there is but one appeal; thus, the cost savings continue beyond the trial court level.

## Conclusion

The Court finds that common questions of law and fact exist in these two cases, and that consolidation will promote the interests of judicial efficiency without causing undue delay, confusion or prejudice. The Court should therefore exercise its discretion to grant the request for consolidation.

## Recommended Disposition

That Defendants' Motion to Consolidate Related Cases [Doc. 30] be GRANTED, that Cause Nos. 09-37 RB/LFG and 09-414 WJ/LAM be consolidated for all matters at issue in the two actions, and that all further pleadings in these matters be filed and docketed under Cause No. 09-37 RB/LFG. If this recommendation is adopted, the Court will establish a new briefing schedule applicable to the consolidated cases.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[5] Pursuant to long-standing practice, when cases are consolidated in this district, they are consolidated into the earliest-filed case.